IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE M. CHICO MEDINA | : |
| *Plaintiff* | : |
| v. | : NO. |
| CITY OF PHILADELPHIA and COUNTY OF BUCKS | : |
| *Defendants* | : |

## COMPLAINT

Plaintiff, Jose M. Chico Medina files this Complaint against Defendants, City of Philadelphia and County of Bucks, and in support thereof avers as follows:

### Jurisdiction

1. This Court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1), (3) and (4), and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). This court has jurisdiction to issue the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### Parties

2. Plaintiff is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action has resided within this district in the City and County of Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, is a municipal government entity organized under the laws of the Commonwealth of Pennsylvania; owns, operates, manages, directs and controls the Philadelphia Police Department which has a legal responsibility to operate according to the law

1

of the United States and the Commonwealth of Pennsylvania, including, but not limited to, the United States Constitution; and at all times relevant to this action has employed the various police officers and agents involved in the series of event set forth below and who at all times relevant hereto acted under the authority of the City of Philadelphia, within the scope of their respective employment, and under color of state law.

4. At all times relevant hereto, the acts and/or omissions of Defendant, City of Philadelphia, were accomplished through its officers, agents, workers, representatives and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment.

5. Defendant, County of Bucks, is a municipal government entity organized under the laws of the Commonwealth of Pennsylvania; owns, operates, manages, directs and controls the Bucks County Department of Corrections which has a legal responsibility to operate according to the law of the United States and the Commonwealth of Pennsylvania, including, but not limited to, the United States Constitution; and at all times relevant to this action has employed the various police officers, corrections officers, and agents involved in the series of event set forth below and who at all times relevant hereto acted under the authority of the County of Bucks, within the scope of their respective employment, and under color of state law.

6. At all times relevant hereto, the acts and/or omissions of Defendant, County of Bucks, were accomplished through its officers, agents, workers, representatives and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment.

7. At all times relevant hereto, Defendants acted in concert and conspiracy, and their actions deprived Plaintiff of his constitutional, statutory and common law rights.

## Factual Background

8. On July 23, 2008 at approximately 4:30 p.m., Plaintiff was driving his vehicle on Broad Street near Rockland in North Philadelphia when he was stopped by two Philadelphia police officers from the 35th District. Both officers were Caucasian, one male the other female.

9. The aforesaid female officer asked Plaintiff for his driver's license, insurance card and registration, and stated to Plaintiff that he had ignored a traffic light at Lindley Street.

10. Plaintiff denied the officer's allegation and produced all the documentation requested by the officer, including a Pennsylvania driver's license identifying Plaintiff as Jose M. Chico Medina, 3040 N. 6th Street, Philadelphia, PA 19133, date of birth 03/20/1966.

11. The two officers went to their squad car then returned to Plaintiff's vehicle a few minutes later. The officers knocked on the window of Plaintiff's car. Plaintiff started to open his window when the female officer opened Plaintiff's door and ordered him to get out of the vehicle. Heavy rain was falling at the time and Plaintiff asked what the problem was. The male officer grabbed Plaintiff's hand and tried to pull him out of his vehicle. Plaintiff asked the officer to not use force. Plaintiff got out of the vehicle and the officers told him to put his hands on top of the car so he could be searched. Plaintiff obeyed the officers' instructions. The male officer then handcuffed Plaintiff. Plaintiff asked what was going on. The officers did not respond to Plaintiff's question and instead walked him to the police car, pushed him into the back seat, and drove him to the Philadelphia's 35th District police station.

12. During the drive to the police station, Plaintiff heard the two officers talking with each other. It appeared to Plaintiff that the female officer was in command. The female officer told Plaintiff (addressing him by the name "Medina") that there was a warrant for his arrest and that he had not appeared for a citation. Plaintiff told the female officer that he did not know what she was talking about and the officers started laughing. The male officer then asked Plaintiff where he was coming from and Plaintiff answered that he wanted to know the charges for his arrest. The female officer responded that the warrant was for theft and a parole violation. The officers laughed again, then asked Plaintiff for his address. Plaintiff responded 3040 North 6th Street, Philadelphia, PA. The male officer asked Plaintiff if he had ever lived in New Jersey and Plaintiff responded no. The male officer asked Plaintiff for his birthdate and Plaintiff answered March 20, 1966. The male officer asked Plaintiff for his Social Security number and Plaintiff answered 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. Plaintiff informed the officers that two years earlier, he had rented a car at the Philadelphia International Airport and the car rental agency confused him with a Jose Medina. Plaintiff told the officers that that car rental agency made a few phone calls, realized they had made an error in identifying Plaintiff as Jose Medina, and rented the car to Plaintiff. The female officer called Plaintiff by the name "Medina" and stated this wasn't the first time he'd had problems. She and the male officer then laughed. Plaintiff stated he was not "Medina", that he was Jose Chico, that he worked for a church, that he had a clean record, and that the officers were making a mistake. Plaintiff asked the officers to look in his wallet where they would find his identification papers and credentials for the church where he was the pastor. Plaintiff saw the officers look at his identification but they continued to drive. Plaintiff asked the officers where they were going. The female officer responded they were going to the District,

that there was a warrant for Plaintiff, and that they were looking for him. Plaintiff again told the officers they were making a mistake.

13. When they arrived at the 35th District police station, the two officers turned Plaintiff over to two other police officers who told Plaintiff to remove his boots and the strings from the boots. Plaintiff complied with these instructions. The officers examined Plaintiff then asked him for his name, Social Security number, birthdate, height and weight. Plaintiff accurately provided all the information he was asked for. One of the officers appeared to have a record in her hand. Plaintiff heard this officer say to another officer that she did not think Plaintiff was the "Medina" for whom they were looking. The officer then asked Plaintiff to lift up his sweater and show his stomach and chest areas. Plaintiff obeyed. The officer then said to the other officer that Plaintiff had no scars but that the record indicated "Medina" had a scar. An officer then told Plaintiff he had to be fingerprinted and that if the fingerprints did not match the "Medina" record, Plaintiff would be released. Plaintiff asked the officer if he could make a phone call. She showed Plaintiff to the phone and he called his wife. Plaintiff left a voice mail message for his wife, telling her that he had been arrested but would be home soon because the police had made a mistake by assuming he was "Medina" and once they took his fingerprints, they would realize their mistake and release him.

14. After an hour or more, Plaintiff was fingerprinted. At approximately 11:00 p.m., another officer came to Plaintiff and asked for his name, birthdate and Social Security number. Plaintiff accurately provided the information. The officer looked at Plaintiff for a long time then asked Plaintiff to go with him. Plaintiff asked if he was going home. The officer said no and told Plaintiff he was being transferred to Bucks County State Correctional Facility.

15. Shortly thereafter, an officer arrested Plaintiff and said, "Mr. Medina, you are in the custody of Bucks County." Plaintiff stated he was not "Medina". Plaintiff was then taken to a bus. Once seated on the bus, an officer asked Plaintiff for his name, birthdate and Social Security number. Plaintiff accurately provided the information. The bus took Plaintiff to a place he did not recognize (perhaps because he had lost his eye glasses earlier during his detention). Plaintiff was processed and told to change into a yellow prison uniform.

16. Plaintiff was held in a cell from approximately 7:00 a.m. to 12:00 p.m. on July 24, 2008. He was then brought to a hearing before a judge. Prior to the hearing, a district attorney addressed Plaintiff as "Medina". Plaintiff corrected the district attorney and stated he was not "Medina". The district attorney asked Plaintiff if he had a New Jersey address and Plaintiff replied never. The district attorney asked Plaintiff for his birthdate and Social Security number, and Plaintiff accurately provided the information. The district attorney then told Plaintiff if he wasn't "Medina", the district attorney had nothing to say to him. The district attorney looked carefully at Plaintiff then looked carefully at the picture in the record. Plaintiff also looked at the picture in the record and saw it was not a picture of him. In front of the judge, the district attorney recommended that the case be dismissed and the judge followed the recommendation.

17. Plaintiff was released from the Bucks County facility on July 24, 2008 at approximately 7:00 p.m. He was not charged or cited with any violation of the law, and he never received any sort of apology for his wrongful detention, arrest and imprisonment. He continues to suffer physical pain and emotional injuries from the aforesaid series of events.

18. Plaintiff did not commit any criminal offense, did not violate any law of the City of Philadelphia, County of Bucks, Commonwealth of Pennsylvania, or the United States of

America, and did not engage in any conduct which justified the aforesaid actions of Defendants' respective officers and agents.

19. Defendants' respective officers and agents knew and/or reasonably should have known they were without authority or probable cause to detain, use force against, search, seize, arrest, and/or imprison Plaintiff.

20. Defendants' respective officers and agents acted willfully, wantonly, deliberately, maliciously and/or with reckless disregard of Plaintiff's constitutional, statutory and common law rights.

21. Defendants' respective officers and agents engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting him to an unreasonable use of force, unlawful search and seizure, unlawful arrest, and false imprisonment.

22. As a direct and proximate result of Defendants' aforesaid conduct, Plaintiff has sustained the following injuries and incurred the following damages:

(a) Violation of his rights under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, to be free from the state's unreasonable use of force, to not be subjected to unlawful search and seizure, and to not be subjected to unlawful arrest;

(b) Physical injuries including, but not limited to, soft tissue and structural damages to his spine as well as other physical injuries together with pain and suffering, fear, anxiety, loss of liberty, embarrassment and humiliation, emotional trauma and psychological harm, some or all of which may be permanent;

(c) Past and future medical and healthcare expenses; and

(d) Past and future lost wages and lost earnings potential.

## FIRST CLAIM FOR RELIEF
## FEDERAL CIVIL RIGHTS VIOLATIONS

23. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

24. As a direct and proximate result of Defendants' aforesaid conduct, committed under color of state law, Defendants deprived Plaintiff of his rights, privileges and immunities under the laws and the Constitution of the United States, specifically Plaintiff's right to be free from unreasonable use of force, unlawful search and seizure, and unlawful arrest. As a result, Plaintiff suffered and continues to suffer harm in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereto, and 42 U.S.C. § 1983.

25. Defendants, individually, jointly and/or severally, have encouraged, tolerated, ratified and been deliberately indifferent to the following policies, practices and customs:

(a) Its officers' unreasonable use of force, unlawful search and seizure, unlawful arrest, and false imprisonment;

(b) Its officers' use of their status as police officers and/or corrections officers to use unreasonable force, make unlawful searches and seizures, make unlawful arrests, and falsely imprison to achieve ends not reasonably related to their police duties;

(c) Failing to have proper or adequate policies, procedures, directives and/or instructions regarding how its police officers and/or corrections officers are to determine whether they have correctly identified an individual whom they have detained, searched, seized, arrested and/or imprisoned;

8

(d) Failure of its police officers and/or corrections officers to follow established policies, procedures, directives and/or instructions regarding how to determine whether they have correctly identified an individual whom they have detained, searched, seized, arrested and/or imprisoned;

(e) Failing to have proper or adequate policies, procedures, directives and/or instructions regarding how its police officers and/or corrections officers are to engage, address and deal with individuals such as Plaintiff under the circumstances presented herein; and

(f) Failure of its police officers and/or corrections officers to follow established policies, procedures, directives and/or instructions regarding how to engage, address and deal with individuals such as Plaintiff under the circumstances presented herein.

26. Defendants, individually, jointly and/or severally, have been deliberately indifferent to the need for more or different training, supervision, investigation and/or discipline in the areas of:

(a) The proper use of police powers, including unreasonable use of force, unlawful search and seizure, unlawful arrest, and false imprisonment;

(b) Police officers' and/or corrections officers' use of their status as police and/or corrections officers to employ the use of unreasonable force, unlawful search and seizure, unlawful arrest, and false imprisonment to achieve ends not reasonably related to their police and/or corrections duties;

(c) The failure of police officers and/or corrections officers to follow established policies, procedures, directives and instructions regarding how to engage, address and deal with individuals such as Plaintiff under the circumstances as presented herein;

(d) Detaining, searching, seizing, arresting, and imprisoning individuals without taking reasonable steps to determine whether the person is being detained, searched, seized, arrested, and/or imprisoned has been correctly identified;

(e) The conduct of its police officers and/or corrections officers when stopping, detaining, searching, seizing, arresting, and imprisoning individuals without taking reasonable steps to determine whether the person being stopped, detained, searched, seized, arrested, and/or imprisoned has been correctly identified.

27. Defendants, individually, jointly and/or severally, failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other officers, thereby causing and encouraging officers, including the officers in this case, to violate the rights of citizens such as Plaintiff.

28. By these actions, Defendants, acting in concert and conspiracy, have deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF
## STATE LAW CLAIMS

29. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

30. Defendants' aforesaid acts and conduct constitute assault and battery, false imprisonment, intentional infliction of emotional distress, trespass, interference with state

constitutional rights, negligence, gross negligence, and negligent hiring, training, retention and supervision under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

31. Plaintiff has filed a timely written notice as required by 42 Pa.C.S.A. § 5522(a).

### REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiff requests the following relief:

(a)     Entry of a declaratory judgment that Defendants unconstitutionally and unlawfully detained, used unreasonable force upon, searched, seized, arrested, and imprisoned Plaintiff;

(b)     Compensatory damages;

(c)     Punitive damages;

(d)     Reasonable attorney's fees and costs; and

(e)     Such other and further relief as appears reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief.

DATE: July 23, 2010

_____
Richard M. Wiener, Esquire
PA Attorney ID No. 68041
Law Offices of Richard M. Wiener, LLC
161 Washington Street, Suite 400
Conshohocken, PA 19428
(610) 832-8050
*Attorney for Plaintiff*